*TERRY A. DAKE, LTD.*
P.O. Box 9134
Phoenix, Arizona 85068-9134
Telephone: (602) 710-1005
tdake@cox.net

**Terry A. Dake - 009656**

Attorney for Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re: | In Chapter 7 Proceedings |
| BARBARA A. BOWEN; | Case No. 2:25-BK-03839-DPC |
|               Debtor. | |
| LAWRENCE J. WARFIELD, TRUSTEE, | **Adversary No. 2:25-AP-00xxx** |
|               Plaintiff, | |
| v. | |
| BARBARA A. BOWEN; | |
|               Defendant. | |

**C O M P L A I N T**

Lawrence J. Warfield ("Warfield"), as trustee of the bankruptcy estate of Barbara A. Bowen, Bankruptcy Case No. 2:25-BK-03839-DPC, for his Complaint, says as follows:

1. Warfield is the duly appointed trustee of the bankruptcy estate of Barbara A. Bowen, Bankruptcy Case No. 2:25-BK-03839-DPC.

2. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §157(b)(2). This is a core proceeding.

3. This case was filed as a voluntary Chapter 7 proceeding on April 30, 2025.

4. Barbara A. Bowen ("Barbara" or "debtor") is the debtor in this bankruptcy case.

5. This is Barbara's second Chapter 7 bankruptcy case so Barbara is familiar with the requirements for a bankruptcy proceeding. After Barbara's bankruptcy attorney withdrew from this bankruptcy case, Barbara has filed affidavits, motions and other papers with the Court demonstrating that Barbara is not a legal novice.

6. At her meeting of creditors on June 10, 2025, Barbara testified that she had reviewed the bankruptcy papers that her attorney had prepared for her, that she authorized her attorney to file them, and that all of her papers were true and complete.

7. When Barbara filed this bankruptcy case on April 30, 2025, Item 5 of Barbara's petition represented that Barbara lived at 9406 E. Ellis St., Mesa, AZ, a house owned by Barbara. That statement was false. Barbara was then and has been living at 57530 Black Diamond, La Quinta, CA since at least 2019.

8. At Item 6 of Barbara's petition, Barbara represented that she had lived in the District of Arizona for the last 180 days before the filing of the petition. That statement was false. Barbara was then and has been living at 57530 Black Diamond, La Quinta, CA since at least 2019.

9. When the creditors' meeting was held on June 10, 2025, Barbara testified that she was physically "in Arizona." That statement was false. In fact, Barbara was physically at 57530 Black Diamond, La Quinta, CA during her appearance at the creditors' meeting. Barbara testified that she "used to live" at the La Quinta address. That testimony was also false as Barbara continued to live there at the time of her bankruptcy filing and at the time of her meeting of creditors.

10. Item No. 2 of Barbara's Statement Of Financial Affairs ("SOFA") required Barbara to disclose "all of the places you lived in the last 3 years", not including where you live now. Barbara disclosed that she lived at 57530 Black Diamond, La Quinta, CA from "08/2019" to "08/2022". That statement was false. In fact, Barbara lived at 57530 Black Diamond, La Quinta, CA through and including the date that the creditors' meeting was held on June 10, 2025.

11. Barbara's Schedule I required Barbara to disclose all of her income. Barbara disclosed that she only received income from her employment with Alms Construction and from Social Security. That statement was false. In fact, Barbara failed to disclose that she also receives $2,000.00 per month from her daughter. Barbara's daughter, Amanda May Estes Musselman, lives at Barbara's house at 9406 E. Ellis St., Mesa, AZ. The internet service with Cox Cable for the Mesa house is in the name of Barbara's daughter.

12. Part 1 of Schedule I required Barbara to list the address of her employer and how long she had been employed there. Despite Barbara's testimony that her bankruptcy papers were complete, Barbara did not disclose that her employer's address was 38703 Vista Dr., Cathedral City, CA. In addition, despite Barbara's testimony that her bankruptcy papers were complete, Barbara did not disclose how long she worked for Alms Construction. Barbara intentionally omitted this information to conceal the fact that she lived and worked in California.

13. At Item 13 of Barbara's Schedule I, Barbara disclosed that she was also a realtor with Birkshire (sic) Hathaway. Barbara's real estate license is from California, not Arizona.

14. Item No. 5 of Barbara's SOFA required Barbara to disclose "any other income" Barbara received, regardless of whether it was taxable or not. Despite Barbara's testimony that her bankruptcy papers were complete, Barbara disclosed only Social Security. That statement was false. In fact, Barbara was receiving $2,000.00 per month from her daughter.

15. At the creditors' meeting, Barbara testified that she worked "virtually" for Alms Construction. Barbara's testimony was false. In fact, Barbara was paid weekly by Alms Construction with a paper check. Barbara would then take that check and deposit at an ATM in Rancho Mirage, CA. There would be no reason for Barbara to drive to Rancho Mirage, CA to deposit her paycheck if in fact Barbara was working remotely in Mesa, AZ.

16. At her creditors' meeting, Barbara testified that she traveled back and forth from Mesa to her job in California on weekends and "time off". That testimony was false. Barbara's bank records have no evidence of Barbara regularly being in Arizona, nor any evidence of travel to and from California to Arizona on weekends or otherwise.

17. Barbara's bank statements reflect very few transactions in Mesa or anywhere in Arizona. The vast majority of all of Barbara's banking transactions are in California. The address on Barbara's bank accounts with Wells Fargo Bank is 57530 Black Diamond, La Quinta, CA. If in fact Barbara lived in Mesa and worked remotely for Alms Construction as Barbara has represented, Barbara would have banking transactions in Mesa and Arizona.

18. Barbara filed full time resident tax returns with

4

California for 2020 through 2024. Barbara told the State of California, under penalty of perjury, that her address was 57530 Black Diamond, La Quinta, CA.

19. Barbara filed federal income tax returns under penalty of perjury for 2020 through 2024. On her federal tax returns for 2020 for 2024, Barbara told the IRS that she lived at 57530 Black Diamond, La Quinta, CA.

20. While Barbara claims that she lives and works in Arizona, Barbara filed no Arizona tax returns for 2020 through 2024 prior to the filing of her bankruptcy case.

21. At Item 7 of her SOFA, Barbara disclosed that she made no payments on debts owed to an insider. That statement was false. Barbara routinely transferred money to and from her daughter to pay her daughter back for expenses that Barbara's daughter incurred for Barbara's benefit.

22. At Item 23 of her SOFA, Barbara disclosed that she did not hold or control any property that belonged to anyone else. That statement was false. In fact, a boat owned by Barbara's daughter was stored at 9406 E. Ellis St., Mesa, AZ. The address for Barbara's daughter on the boat title is 9406 E. Ellis St., Mesa, AZ.

23. At the creditors' meeting on June 10, 2025, Barbara was asked whether Barbara's daughter lived at the Mesa house. Barbara testified, "She's there most of the time, or some of the time." "She's a flight attendant so she's hardly ever there." Barbara was then asked, "Does she [Barbara's daughter] have any other residence other than the Mesa, residence?" Barbara testified, "She owns a home in Nevada."

Barbara was then asked, "How often is she at the Arizona house." Barbara testified, "Not very often, she flies a lot." That testimony was intentionally false and/or misleading. On July 14, 2025 at Dkt. No. 30, p. 30, Barbara filed an affidavit from her daughter which admitted, "I currently reside full time with my mother, Barbara Ann Bowen, at 9406 E. Ellis Street, Mesa, Arizona 85207." Also on July 14, 2025, at Dkt. 29, Barbara filed a pleading wherein Barbara admitted that, "The debtor's daughter (Amanda Musselman) also resides with the debtor and helps provide personal and financial support."

24. At the creditors' meeting on June 10, 2025, the trustee asked Barbara if her petition, Schedules and SOFA were true and complete. Barbara testified that they were. As set forth in the preceding paragraphs that testimony was false.

25. Barbara's attorney withdrew from Barbara's bankruptcy case when Barbara's false representations were uncovered by the trustee.

26. Barbara made the false statements and omissions set forth above because Barbara wanted to exempt the property at 9406 E. Ellis St., Mesa, AZ as her residence. If Barbara wasn't residing in the Mesa property, then it did not qualify for the Arizona homestead exemption that Barbara claimed, so Barbara did not want the trustee and the Court to know that she was, in reality, living in California.

27. Barbara falsely claimed the Mesa property as her exempt homestead even though Barbara knew that she was not residing in the Mesa property when this bankruptcy case was filed and that she did not qualify for the Arizona homestead exemption in the Mesa property.

28. Barbara's acts and omissions as set forth herein were

6

Case 2:25-ap-00216-DPC   Doc 1   Filed 07/21/25   Entered 07/21/25 13:20:40   Desc
Main Document    Page 6 of 7

knowing, wilful and fraudulent and/or were made with reckless indifference, and are grounds for the denial of her discharge pursuant to 11 U.S.C. §727(a)(4)(A).

**WHEREFORE**, the trustee prays:

A. For the entry of an order denying the discharge of Barbara A. Bowen pursuant to 11 U.S.C. §727(a)(4)(A).

B. For an award of the trustee's costs. In the event of default, the trustee will request costs of not less than $350.00.

DATED July 21, 2025.

*TERRY A. DAKE, LTD.*

By /s/ TD009656
Terry A. Dake – 009656
P.O. Box 9134
Phoenix, Arizona 85068-9134
Attorney for Trustee

7