## United States Bankruptcy Court

**In re:**
Barbara Ann Bowen, Debtor.
Case No. 2:25-bk-03839-DPC

**Barbara Ann Bowen,**
Debtor/Defendant,

v.

**Lawrence J. Warfield, Chapter 7 Trustee,**
Plaintiff,

FILED
JUL 25 2025
UNITED STATES
BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

Adv. Proc. No. 2:25-ap-00XXX-DPC

# MOTION TO DISMISS ADVERSARY COMPLAINT at July 28, 2025, Hearing

Debtor/Defendant Barbara Ann Bowen respectfully moves this Court to dismiss the adversary complaint filed by Trustee Lawrence J. Warfield on July 21, 2025, on the following grounds:

### PRELIMINARY STATEMENT

The adversary complaint filed by Trustee Warfield merely duplicates the factual allegations and issues previously raised in his initial objection to exemptions. These matters have already been addressed in full in my filed response. The adversary complaint introduces no new facts or legal grounds and is an improper attempt to relitigate settled issues.

### GROUNDS FOR DISMISSAL

a. The allegations in the adversary complaint largely refer to events and facts from as far back as 1999, such as a bankruptcy filed in California 26 years ago, which have no relevance to this proceeding.

b. Most of these complaints were already raised in the Trustee's original objection to exemptions. I submitted a full written response to that objection, including documentation, evidence, and legal justification.

c. The Trustee's claim regarding the contribution received from my daughter was not disclosed to my attorney Victoria Quach Av and submitted in paperwork dated March 29, 2025. .

Case 2:25-ap-00216-DPC   Doc 6   Filed 07/25/25   Entered 07/28/25 12:09:24   Desc
Main Document    Page 1 of 3

d. Until the June 10, 2025, meeting, I was never asked how long I worked for ALMS Underground Construction until the trustee asked. At that meeting, I clarified that I had worked there for approximately one year.

e. My attorney was fully informed that I receive approximately $2,000 per month from my daughter Amanda Musselman to assist with living expenses. This is reflected in my original petition filed April 30, 2025, and is also supported by entries in my Wells Fargo bank account and docketed filings. This money is a contribution to living expenses and not a gift or loan.

f. Complaint numbers 11 through 20 have already been addressed in prior submissions. Regarding item 10, any California tax documents sent to my California address have since been corrected to reflect my Mesa, Arizona. Again, the CPA was asked to change the address but did not. It is now officially changed. All utility bills, and official documents are tied to the Arizona address.

g. I submitted a **Nonresident Form** to the State of California for 2022, 2023, and 2024, affirming that I reside in Arizona and not in California.

h. My CPA advised me that I was under the income threshold to be required to file Arizona state taxes for 2022, 2023, and 2024.

i. The only monetary from May 2024 to June 2024 was $100 for her birthday, $150 for her husband's birthday, and funds for lawn and pool maintenance in June 2025, including tree removal and cleaning. These were not insider debt payments and I am not clear of what the trustee is alleging. **See attached receipts**, which were also provided to the Trustee.

j. My daughter does not own property jointly with me, although she stores her boat at my Arizona residence. I have never used or benefited from the boat.

k. On June 9, 2025, the Trustee's assistant knocked on my door in Mesa, spoke with my daughter, who confirmed she lives at the property and helps contribute to utilities. She also owns a home in Nevada which has been rented out for over two years.

l. My daughter is a flight attendant and travels frequently, which was disclosed to the Trustee.

Three affidavits have been submitted by my half-sister Sidora Daza, my friend Sandra Morris, and another friend, affirming that I do reside at my Arizona residence, and intend to reside there permanently when not working in California.

n. The SOFA (Statement of Financial Affairs) disclosures were completed fully and accurately to the best of my ability, with the assistance of my former attorney, Victoria Quach Av.

o. My attorney withdrew only after receiving misleading information from the Trustee, suggesting that I was committing fraud, which is categorically false. She stated she was conflicted due to his allegations.

p. My attorney was aware that I worked in California while residing in Arizona.

## CONCLUSION

The adversary complaint fails to allege any new or valid cause of action that justifies this proceeding. It is a reiteration of previously resolved issues, imposes undue hardship, and is without merit. Accordingly, I respectfully request that the Court **dismiss the adversary complaint in its entirety**.

Respectfully submitted,

/s/ Barbara Ann Bowen
Barbara Ann Bowen
Pro Se Debtor/Defendant
Dated: July _22_, 2025

Respectfully submitted,

## Certificate of Service

I hereby certify that on July 21, 2025, a true and correct copy of the foregoing was sent via First Class Mail and/or Electronic Service to:

**- Lawrence J. Warfield, Chapter 7 Trustee**
U.S. Bankruptcy Trustee
P.O. Box 3350
Carefree, Arizona 85377-3350

**- Terry A. Dake, LTD.**
Attorney for Trustee
P.O. Box 91344
Phoenix, Arizona 85068-9134

**- Clerk of the Bankruptcy Court**
Clerk, United States Bankruptcy Court
230 North 1st. Avenue, Suite 101
Phoenix, Arizona 85003